UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-09-6044-LRS |
| Plaintiff, | ) | (CV-11-5155-LRS) |
| vs. | ) | **ORDER DENYING** |
| GUSTAVO VILLASENOR-BOTELLO | ) | **§2255 MOTION** |
| Defendant. | ) | |

**BEFORE THE COURT** is Defendant's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C.A. §2255" (ECF No. 88).

The court conducts an initial review of a §2255 motion. The initial standard of review for motions under §2255 is whether:

> [I]t plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court . . . .

Rule 4(b), **Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code**. This initial review is conducted prior to the court ordering the United States Attorney to file an answer. Based on the court's initial review of Defendant's motion, it will not direct that an answer be filed by the United States Attorney and the court denies Defendant's motion.

**I.  BACKGROUND**

On September 24, 2009, Defendant pled guilty to an Indictment charging him with being an Alien In The United States After Deportation, 8 U.S.C. §1326.

**ORDER DENYING**
**§2255 MOTION-**                **1**

He was sentenced on April 7, 2010 to a term of imprisonment of 76 months and to a three year term of supervised release. (ECF No. 73). Defendant appealed his sentence to the Ninth Circuit Court of Appeals which, on March 8, 2011, issued an opinion affirming the sentence. (ECF No. 86).

Defendant contends his guilty plea was not knowingly and voluntarily given and that his counsel rendered constitutionally ineffective assistance in advising him to plead guilty, particularly so in light of Defendant's mental health issues.

## II.  DISCUSSION

Defendant must prove:  (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).  As to the first prong, there is a strong presumption counsel's performance was sufficiently effective. *Id*. at 689. Defendant must show his counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.  As to the second prong, Defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different (i.e., a guilty plea would not have been entered).  A "reasonable probability" is a "probability sufficient to undermine confidence in the proceedings. *Id*. at 694.

A guilty plea must be a knowing and intelligent act performed with sufficient awareness of the relevant circumstances and likely consequences.  In order for a criminal defendant to make an intelligent assessment of the relative advantages of pleading guilty, it is incumbent upon counsel to provide his client with necessary and accurate information.  A mere inaccurate prediction, standing alone, will not constitute ineffective assistance, but "gross mischaracterization" of the likely outcome presented by a case, along with "erroneous advice" falls below the level of competence required of defense attorneys. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

**ORDER DENYING**
**§2255 MOTION-**                        **2**

Shortly after Defendant entered his plea of guilty, he wrote a letter to the court expressing concern about his mental health issues and his attorney nonetheless advising him to enter a plea of guilty.  Defendant stated he was taking medication at the time, but was not on the right medication.  Defendant requested further review of his mental health problems, including an evaluation by an outside facility. (ECF No. 26).  Following an ex parte in-court hearing on October 29, 2009, at which the Defendant was present, the court entered an order appointing separate and additional counsel for the Defendant for the limited purpose of ascertaining whether a motion should be filed on behalf of Defendant requesting that his competency to enter a guilty plea be professionally evaluated. (See "Order Re Ex Parte Hearing," ECF No. 28).  Another ex parte in-court hearing was held on December 22, 2009.  Defendant was also present at this hearing, as was Ricardo Hernandez, Esq., counsel who had been appointed for the purpose of determining whether a motion should be filed on behalf of Defendant regarding competency to enter a guilty plea.  (See "Order Re Ex Parte Hearing" at ECF No. 47).  Following the filing of a declaration by Mr. Hernandez on January 21, 2010 (ECF No. 48), the court conducted a final ex parte in-court hearing on January 26, 2010, at which Defendant was present.  Based on the declaration filed by Mr. Hernandez, his comments in open court, the court's colloquy with the Defendant in open court, and the court's observation of Defendant, the court concluded Defendant was competent to enter his guilty plea and did so knowingly and voluntarily.  The Defendant indicated he did not intend to seek withdrawal of his guilty plea and intended to proceed to sentencing.  (See "Order Re Ex Parte Hearing," ECF No. 51).

Prior to sentencing, the court had the benefit of reviewing a Pre-Sentence Investigation Report (ECF No. 68) which discussed in considerable detail the Defendant's mental health issues.  The court also had the benefit of reviewing a psychological evaluation dated November 3, 2009, which was based on testing

**ORDER DENYING**
**§2255 MOTION-**              **3**

1  and an interview of the Defendant conducted on October 17, 2009.  (ECF No. 61-
2  1).  Nothing in these materials suggested the Defendant had not knowingly and
3  voluntarily entered his guilty plea, and that it was inappropriate to proceed to
4  sentencing.  Indeed, this issue was further discussed with counsel, in the presence
5  of Defendant, at the April 7, 2010 sentencing hearing.  (ECF No. 82).  It seems
6  likely that Defendant's mental health was raised on appeal in conjunction with the
7  issue of the propriety of this court's sentence using the 18 U.S.C. §3553(a) factors,
8  including history and characteristics of the Defendant and need for the sentence
9  imposed to provide the Defendant with needed medical care in the most effective
10 manner.

11         After Defendant's guilty plea was entered, and prior to sentencing, this
12 court made a thorough effort to ascertain whether there was any reason to allow
13 the Defendant to withdraw his guilty plea because of his mental health issues.  The
14 court concluded Defendant's plea was knowing and voluntary.  Defendant
15 presents nothing new which would cause the court to reconsider that conclusion.

16         Defendant contends his counsel was ineffective for failing to seek a "mental
17 health downward departure."  While counsel did not specifically seek a downward
18 departure based on U.S.S.G. §5H1.3, he specifically asked the court to consider
19 Defendant's mental and emotional conditions in fashioning an appropriate
20 sentence under 18 U.S.C. § 3553(a), and the court did so in rendering its sentence.
21 Indeed, it was counsel who provided the court with the psychological evaluation
22 dated November 3, 2009.  (ECF No. 61-1).

23         Defendant contends his counsel was ineffective for not objecting to the 16
24 level enhancement Defendant received for prior robbery convictions, and the
25 calculation of Defendant's criminal history using those convictions.  Defendant
26 asserts that had his counsel investigated those prior convictions, he would have
27 discovered that counsel with regard to those convictions failed to advise
28 Defendant of the collateral consequences of his guilty pleas, that being how those

**ORDER DENYING**
**§2255 MOTION-**              **4**

convictions would affect his immigration status.  Defendant's 2004 and 2007 state court convictions are presumptively valid.  They were never challenged in state court on direct appeal or collaterally.  Moreover, they are not the convictions which will result in Defendant's deportation.   Instead, it is Defendant's federal conviction for being an Alien In The United States After Deportation which will result in his deportation.  Defendant does not allege his counsel with regard to this conviction failed to advise him that deportation would be a consequence of this conviction.  Furthermore, the record simply would not support such an allegation.  Any failure of counsel to investigate the prior convictions was not outside the range of professionally competent assistance and did not prejudice the Defendant.

Even assuming Defendant had a right to consult the Mexican consul, counsel did not render ineffective assistance by failing to advise him of that right.  Defendant knowingly and voluntarily entered a plea of guilty to being an Alien In The United States After Deportation and there is not a reasonable probability he would not have entered a guilty plea or that his sentence would have been any different based on any involvement by the Mexican consul.   Indeed, Defendant does not allege how any assistance from the Mexican consul would have differed from the assistance he received from counsel and been of some unique benefit to him.

Counsel was not ineffective for failing to object to this court's imposition of the standard conditions of supervised release on the Defendant.  The court made it clear to Defendant at sentencing that imposition of supervised release did not authorize the Defendant to return to this country following his deportation and simply insured that if he did so during the term of supervised release, he would be returned to jail promptly without the need for the Government to file new charges against him.  This court would have imposed the standard conditions of supervised release with or without objection from counsel.

**ORDER DENYING**
**§2255 MOTION-**                              **5**

**III. CONCLUSION**

It "plainly" appears from the face of the §2255 motion and the prior proceedings in the case that Defendant is not entitled to relief.  Therefore, it is not necessary to direct the United States to file an answer to the motion and it is not necessary to conduct an evidentiary hearing.  Defendant's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C.A. §2255" (ECF No. 88 Rec. 145) is **DENIED**, as is his "Motion For An Attorney/Hearing" (ECF No. 89).

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies to Defendant and to counsel for the United States.

**DATED** this ___29th___ day of November, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DENYING**
**§2255 MOTION-**                    **6**